WEAVER, Appellant, *vs.* ROBINETT, Respondent.

1. Boundaries may be proved by a witness who is acquainted with the lines and corners run and established by the surveyor, though he never saw the land surveyed. It is not necessary to produce any plat of survey or field notes.

*Appeal from Wright Circuit Court.*

RYLAND, Judge, delivered the opinion of the court.

This was a civil action, brought by James Weaver against the defendant, Robinett, in the Circuit Court of Wright county, for trespassing upon the land of the plaintiff, and cutting down and carrying off his timber. The petition states, that the plaintiff was the legal owner of a tract of land in Wright county, being the south-east quarter of the north-west quarter of section number twenty-five, in township number thirty, of range number fourteen west; that the defendant, on the fifth day of February, A. D. 1851, at the county of Wright, in the state of Missouri, without leave, unlawfully entered on the said tract of land belonging to the plaintiff, and then and there cut down timber, then and there being and growing on the plaintiff's land above described, to-wit: Two large oak trees of great value, of the value of twenty dollars, and carried it away; that the defendant had no interest nor right in the aforesaid land, nor in the timber taken away, cut down and destroyed by the defendant, and that it was on land not his own, by which the plaintiff was damaged one hundred dollars.

The defendant answered the petition, and denies that he entered on the land of plaintiff, and denies that he committed the said trespasses, in plaintiff's petition mentioned. The plaintiff, by leave afterwards obtained, filed an amended petition, alleging that the land was in his possession, and that he exercised ownership over it, and the trespasses aforesaid were committed against his possession. A trial was had, and a ver-

dict and judgment for defendant. The plaintiff moved for a new trial, which was refused him ; he excepted to the opinion of the court and brings the case here by appeal.

It appears from the bill of exceptions filed in this case, that the plaintiff introduced witnesses, in order to prove the boundaries of the tract of land on which the trespass was alleged to have been committed. These witnesses stated, that they were acquainted with the corners and old lines, purporting to be the corners and lines of the surveyor who marked out the land in this county into sections and quarter sections, and that the marks on trees or corners and lines, were their means of knowledge of the corners and lines of the land in question, and that said lines embrace the land on which the timber in question grew, and is described as follows : south-east quarter of northwest quarter of section twenty-five, township thirty, range fourteen ; which evidence the court excluded from the jury.

The court instructed the jury as follows :

" The question of trespass on uncultivated land is determined by bounds, which are only ascertained by a survey from the field notes by a county surveyor, proved before the jury by a plat and certified copy of the survey made by such surveyor, accompanied by the field notes of the surveyor, and the field notes of the original field notes of the United States government, which has not been done in this case."

There were other instructions given, and there were instructions asked by the plaintiff and refused.

1. The court below erred in excluding the testimony of the witnesses as to the boundaries of the land, the corners and lines and marks. These things were made for the very purpose of giving information, so that the particular pieces or tracts of land might be known and distinguished from each other ; and any witness whose knowledge of the lines, marks and corners could enable him to distinguish one tract from another, was competent to testify to that fact, and to state which tract of land the trespass was committed upon. Such evidence, thus given by a witness, is primary evidence, not

secondary.   There was no necessity to have any field notes, or any certified copy of field notes of the United States surveyor, or of the county surveyor.   Nor was it important or necessary to prove the boundaries of the land by a person who was present and had seen the lines run and  survey made originally by the United States surveyor or by the county surveyor.   This notion was contrary to the rules of evidence.   The court erred also in giving instructions to  the jury about  the survey of the land in question.

It was competent for the plaintiff  to prove his tract of land by any competent witness who knew  it by its marks, lines and corners, though he never saw it surveyed.

All the instructions given, which are  based upon the idea of the necessity of having a  copy of  the field notes  and  of  the survey, are erroneous.

The judgment of the Circuit Court is reversed, and this case is remanded for further proceedings, in  accordance with this opinion.   The other judges concurring.